UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY FOX, et al.,

        Plaintiffs,

v.

                                                     Case Number: 93-74615

MASSEY-FERGUSON INC.,                      Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

This is a class action lawsuit that was initiated by the Plaintiffs, Larry Fox, et al., on October 29, 1993. The members of the class, which was certified by the Court on May 31, 1995, are those persons who had retired under collective bargaining agreements between the Defendant, Massey-Ferguson, Inc. ("Massey-Ferguson"), and the union members of the United Auto Workers ("UAW"). In 1998, the parties entered into a settlement agreement which required Massey-Ferguson and its successors[1] to provide fully-paid health care benefits to the UAW retirees and surviving spouses for their lifetimes.

On August 1, 2008, the Plaintiffs filed a motion which was designed to thwart the implementation of a retiree buyout program that had been recently proposed to the class members

---

[1] TRW is the successor to Lucas Varity which, in turn, succeeded Massey-Ferguson as a business entity. The words, "Massey-Ferguson" and the "Company," are occasionally used interchangeably in this order only for ease in writing and not for the purpose of giving emphasis to any statement or opinion by the Court.

1

by TRW.[2] It is the Plaintiffs' position that these announced plans by TRW to institute a buyout program violate the terms and the spirit of the parties' settlement agreement in 1998.

I.

On April 15, 1998, the Plaintiffs and Massey-Ferguson entered into a settlement agreement which required the Company to provide fully-paid, lifetime health care benefits to class members. This settlement agreement provided that any modification must be in writing and agreed upon by the Plaintiffs' representatives and - if the proposed amendment constituted a material modification to the level of benefits - approved by the Court. On June 30, 1998, the Court entered a final judgment which, after pronouncing it to be fair, reasonable, and in the best interests of the class, (1) approved the parties' proposed settlement, and (2) directed Massey-Ferguson's then-successor, Lucas Varity, to comply with its terms. In its order, the Court stated that it would retain "continuing jurisdiction" over certain aspects of the case, including the "implementation of the settlement" and "all parties hereto for the purposes of otherwise enforcing and administering the Settlement Agreement . . . ."

TRW advised the Plaintiffs' counsel in a letter on July 23, 2008 that it intended to execute

---

[2]TRW filed a response in opposition to this motion on August 5, 2008, to which the Plaintiffs replied on August 22, 2008. The Plaintiffs' reply brief violated the terms of E.D. Mich. LR 7.1(c)(3)(B) which provide that "(t)he text of a reply brief, including footnotes and signatures, may not exceed 5 pages" and the language of E.D. Mich. LR 7.1(d)(1)(C) which states that "(i)f filed, a reply brief supporting a dispositive motion must be filed within 7 days after service of the response, but not less than 3 days before oral argument." The Plaintiffs' reply brief, which consisted of ten pages, was filed over two weeks after TRW's response had been served upon them. TRW, without seeking leave from the Court, filed a seven page "sur-reply" on August 26, 2008. However, there is no provision within the Local Rules of this Court that speak to the filing of sur-replies. More importantly and with recognition that neither of these above-mentioned pleadings by the parties were in conformity with our Local Rules, the Court has not considered either of them in rendering this decision.

a "Voluntary Retiree Medical Buyout Program" under which it would offer class members an undisclosed sum of money if they irrevocably waived their right to health care benefits from TRW.[3] On the following day, TRW transmitted a letter to the members of the class, all of whom were informed that it intended to implement its previously announced "Voluntary Retiree Medical Buyout Program." Immediately thereafter, the Plaintiffs, through their counsel, demanded that TRW refrain from implementing its proposed buyout program because it allegedly violated the terms of the parties' settlement agreement. The Plaintiffs submit that these demands were rejected by TRW who informed them that (1) it intended to proceed with the implementation of the "Voluntary Retiree Medical Buyout Program," and (2) letters which contained pertinent information about this buyout program had already been sent to the class members.

II.

The Plaintiffs submit that the Court should exercise its continuing jurisdiction over this case, and enforce the settlement agreement by precluding TRW from taking any further action toward the implementation of its buyout program on the absence of an accord between the parties and the approval of the Court, as required by § 23.2 of the settlement agreement.[4] They also urge the Court to enjoin TRW from "further communications with the Class about issues covered by the

---

[3]TRW contends that over the last three years it "has offered a program to various groups of retirees that is known as the Voluntary Retiree Medical Buyout Program . . . . The Buyout Program has allowed retirees to receive a lump-sum cash payment in exchange for their opting out of their TRW retiree medical coverage." Moreover, TRW maintains that this program is "completely voluntary."

[4]§ 23.2 of the settlement agreement states that it "may be amended or modified only by a written instrument signed by the Class Representative and Lucas Varity [TRW's predecessor]. Any such amendment that would materially affect the level of Plan benefits shall be effective only if approved by the Court."

3

Settlement Agreement without the prior approval of Class Counsel."

TRW have taken an opposing view point, arguing that the Plaintiffs "have not even attempted to meet the requirements for injunctive relief." TRW asserts that it "assume[s]" that the Plaintiffs are attempting to move for a restraining order under Fed. R. Civ. P. 65 and argues that they have neither shown a strong or substantial likelihood of success on the merits of their claim nor demonstrated that an irreparable injury will be suffered by them if injunctive relief is not granted. Furthermore, TRW submits that (1) the declination to issue a preliminary injunction will not cause any unnecessary and substantial harm to the retirees within the class, and (2) the public interest in the ultimate outcome of this motion will not be harmed "by taking away the free, voluntary choice of these class members . . . ."

### III.

A federal court has the inherent authority to enforce its judgments. *Peacock v. Thomas,* 516 U.S. 349, 356 (1996). Moreover, a federal court has continuing jurisdiction over the enforcement of the parties' agreements despite the dismissal of an action where, as here, compliance with a settlement agreement has been ordered or jurisdiction has been retained. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994); *Re/Max International, Inc. v. Realty One, Inc.,* 271 F.3d 633, 641-45 (6th Cir. 2001). In those situations in which a court retains jurisdiction, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen* at 381.

TRW's assertion, in which it argues that "[Plaintiffs'] Counsel "is attempting to move pursuant to Fed. R. Civ. P. 65" for a temporary restraining order, misses the mark. The Plaintiffs are not seeking a "preliminary injunction" or a "temporary restraining order." Rather, the Plaintiffs

4

are seeking to enforce an order of this Court which, in their view, has been, and continues to be, violated by TRW.[5]

Contrary to the position which has been advanced by TRW, the Court concludes that the proffer of a buyout program to the class members does modify the material aspects of the parties' settlement agreement. Moreover, the Court does not agree with the argument by TRW that it submitted the now-challenged "Voluntary Retiree Medical Buyout Program" to the class members without any legal impediments because the Plaintiffs "admitted" that "the parties never agreed to, and the Court, therefore never addressed the issue, of the prospect of a present or future buyout . . . ."

IV.

It is clear to the Court that exchanging a lifetime benefit of healthcare to retirees and their surviving spouses for an unspecified lump sum of money constitutes a material change to the April 15, 1998 settlement agreement. Any such buyout program must therefore be agreed to in writing by class representatives and TRW and approved by the Court. Settlement Agreement § 23.2. According to the Plaintiffs, most of the class members are now in their 80's and 90's and live on fixed incomes. The Court agrees with the Plaintiffs' argument that "[i]t is inevitable that some of them will accept any lump sum payment under the Buyout Program in order to gain a temporary respite from the exigencies of their current financial condition." This prospective change in their

---

[5]The parties argue at some length in their briefs about whether the Plaintiffs' counsel has an ongoing duty or right to act as a fiduciary for the class members, citing to several cases in other circuits including *In re AT&T Corp.*, 455 F.3D 160, 169 (3d Cir. 2006), *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995), and *Greenfield v. Village Industries, Inc.* 483 F.2d 824, 832 (3d Cir. 1973). However, the Court believes that the issue which is now pending is much more narrow; namely, whether the challenged buyout program constitutes a material change to the settlement agreement.

benefits under the "Voluntary Retiree Medical Buyout Program" should be the subject of a negotiated accord by the parties and subject to approval by the Court, as envisioned by the settlement agreement. Otherwise, the rights of these retirees may be compromised.

V.

For all of the reasons that have been stated above, the Court grants in part and denies in part the Plaintiffs' motion to enforce the parties' settlement agreement which required, in part, them to enjoin TRW from implementing its retiree buyout program. The Court enjoins TRW from implementing its Voluntary Retiree Medical Buyout Program. However, the Court denies the Plaintiffs' request to restrict TRW "from communicating to Class Members on the subject of health care benefits without the prior approval of Class Counsel," as they have not identified any provision in the settlement agreement or any other relevant authority, which supports this position. Finally, the Court directs its Clerk to strike the Plaintiffs' reply (Docket #318) and TRW's sur-reply (Docket #320) from the docket for the reasons that were discussed above.

IT IS SO ORDERED.

Dated: December 10, 2008　　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 10, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager