UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>ARRY</small> F<small>OX</small>, <small>ET. AL.</small>,

       Plaintiffs,

v.

M<small>ASSEY</small>-F<small>ERGUSON</small>,

       Defendant.

_____/

Case No. 93-74615

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P. P<small>ATTI</small>

J<small>OSEPH</small> G<small>OLDEN</small>, <small>ET. AL.</small>,

       Plaintiffs,

v.

L<small>UCAS</small> V<small>ARITY</small> K<small>ELSEY</small> H<small>AYES</small>,

       Defendant.

_____/

Case No. 93-40530

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P. P<small>ATTI</small>

R<small>OBERT</small> C<small>OLBY</small>, <small>ET. AL.</small>,

       Plaintiffs,

v.

M<small>ASSEY</small>-F<small>ERGUSON</small>,

       Defendant.

_____/

Case No. 94-71698

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P. P<small>ATTI</small>

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION 94-71698 [337]; 93-40530 [532]; 93-74615 [421]**

On November 8, 2016 the Court entered an order granting Plaintiff's Motion to Enforce the Settlement Agreement, denying Plaintiff's Motion for Contempt and denying as moot Defendant's Motion for Order Clarifying and Declaring TRW's Rights and Responsibilities Relative to the Delivery of Prescription Drug Benefits Mandated by the Settlement Agreement [420]. Plaintiff's filed a Motion for Reconsideration on November 22, 2016 [421], requesting that the Court reconsider its denial of the Motion for Sanctions. For the reasons stated below, Plaintiff's Motion for Reconsideration [421] is **DENIED**.

## STANDARD OF REVIEW

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and

correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

In their Motion, Plaintiff contend that sanctions should be applied for the violation of the 2011 Order because Defendants' prior authorization process, first implemented in 2014, required an appeals process to challenge adverse decisions, it violates the 2011 Judge Cook Order. They also challenge the denial of sanctions, contending that the later modifications also violate the 2011 order because they are not as simple and automatic as the Defendants envision. Therefore, it is argued that the Court's previous order was based on a palpable defect that mischaracterized the changes implemented by Defendants, and the Court should render sanctions as appropriate.

"A litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with

knowledge of the court's order.'" *NLRB v. Cincinnati Bronze, Inc.* 829 F.2d 585, 591 (6th Cir. 1987) (citation omitted). To be held in contempt, the prior Order must be clear and unambiguous, with ambiguities being resolved in favor of the party charged with contempt. *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006).

While Plaintiffs contend that the 2014 changes had an appeal process similar or identical to the one envisioned in the 2011 order, there are important differences between the two processes contemplated by the Court in 2011 and those currently before the Court. The 2011 order specifically addressed health care plan changes that, *inter alia*: "(1) completely eliminated an entire drug class (i.e., the proton pump inhibitors (PPIs)) for the treatment of certain stomach conditions," and "(2) excluded many standard medications from coverage, even for those conditions in which PPIs are allowed as a form of treatment." [369 at 10]. Thus, the order addressed a situation in which entire categories of drugs were not covered without prior authorization, resulting in a violation of the settlement agreement per the order. The order also specifically refused to require Defendants "to cover all legend drugs prescribed by a doctor for the treatment of any and all medical conditions." [*Id* at 19].

In contrast, the process instituted in 2014 did not make an entire class of previously covered drugs unavailable under the medical plan without prior approval; rather the plan offered approved generic equivalents that did not require a pre-approval process with the option to undergo an appeals process to obtain the previously covered drug. Given the text of the order, it is neither clear nor unambiguous whether a prior approval process would be allowed in situations in which only certain drugs within a particular drug class deemed not medically necessary, were not covered without prior approval, and in which generic alternatives, deemed medically equivalent, were available and covered by insurance, as was the case in 2014 through to the present.

Therefore, given the difference in the content of the changes to the plan at issue in 2011 and in 2014 to present, regardless of any dispute concerning how onerous the approval process actually was, or that the 2014 process included an appeal that was very similar or identical to one previously found to violate the settlement agreement, the Court disagrees that sanctions should be granted. It was not unreasonable that Defendants' interpreted the order to permit the various changes to the health plan at issue since 2014, given the ambiguity in the order concerning how the medical necessity and prior approval processes would be dealt with in cases where entire classes of drugs were not affected and Plaintiffs retained

the ability to have full coverage of a generic substitute without prior approval. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration 94-71698 [337]; 93-40530 [532]; 93-74615 [421] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: February 9, 2017 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |